# United States District Court
## for the Northern District of Oklahoma

Case No. 25-cv-433-JDR-JFJ

DAVID A. CARPENTER, *special administrator of the estate of* NAVDEEP SINGH, *deceased*,

*Plaintiff*,

*versus*

MOHAMMAD BY KAHLA; MDS LOGISTICS, INC.; DMS EXPRESS INC.; THEODORE WESLEY CRAWFORD; PACIFIC CLAY PRODUCTS, INC.; KING OF FREIGHT LLC,

*Defendants.*

## OPINION AND ORDER

Navdeep Singh, a truck driver, was killed when Defendant Mohammad Kahla struck him with his vehicle on the side of Interstate 44 in Creek County, Oklahoma. Dkt. 2-1 at 2.[1] Plaintiff David Carpenter, administrator of Mr. Singh's estate, sued Mr. Kahla, corporate Defendants MDS Logistics Inc., DMS Express Inc., and King of Freight LLC, and another driver, Defendant Theodore Crawford, in federal court. Dkt. 32 at 7. Mr. Carpenter voluntarily dismissed that case and filed a new action in state court, adding non-diverse Defendant Pacific Clay Products, Inc., whose goods were being transported by Mr. Kahla at the time of the accident. *Id.* at 7-8.

The parties litigated the case extensively and began discovery. Pacific Clay moved to be dismissed for lack of personal jurisdiction. Dkt. 2-18. Months later, but while Pacific Clay's motion was pending, MDS moved for

---

[1] All citations use CM/ECF pagination.

partial summary judgement, and King of Freight moved to be dismissed from the action. Dkt. 2-77. The state court then granted Pacific Clay's motion to dismiss for lack of personal jurisdiction without ruling on the other motions. Dkt. 2-76. Thirty days thereafter, and within the one-year limit, MDS removed the case to this Court. Dkt. 2. Mr. Carpenter now moves to remand, arguing that the voluntary-involuntary rule precludes removal and that MDS consented to the state court's adjudication when it moved for partial summary judgment. Dkt. 32.

The Court concludes that removal is not barred by the voluntary-involuntary rule. But MDS could have noticed removal months before it did so, and Tenth Circuit precedent precludes removal when the removing party has engaged in substantial state-court litigation instead of removing the case at the first opportunity. The Court grants Mr. Carpenter's motion to remand.

I

Mr. Carpenter argues that the voluntary-involuntary rule precludes removal. Under the rule, "a case cannot be removed if it began with a non-diverse party or forum-citizen defendant and only later came to satisfy the requirements of removal jurisdiction." *Stroud v. Am. Econ. Ins. Co.*, No. 24-cv-00223-GKF-SH, 2024 WL 3186652, at *2 (N.D. Okla. June 26, 2024). There are two exceptions to the rule: when the non-diverse defendant was fraudulently joined to the action to defeat diversity jurisdiction and when the plaintiff voluntarily dismisses the non-diverse party. *Id.* No party characterizes Pacific Clay's dismissal as voluntary, so the Court will only consider if Pacific Clay was fraudulently joined.

Fraudulent joinder is a high standard, and the party asserting it bears a "heavy burden" of proof. *Montano v. Allstate Indem.*, 211 F.3d 1278 (Table), at *1 (10th Cir. 2000). Fraudulent joinder requires a showing of "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."

*Gomez v. Dolgencorp LLC*, No. CIV-24-705-PRW, 2025 WL 603012, at *3 n.22 (W.D. Okla. Feb. 25, 2025) (quoting *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013)).

The Court observes that there is a circuit split on whether a federal court must find a party to be fraudulently joined when a state court grants a motion to dismiss for lack of personal jurisdiction, which the Tenth Circuit has not considered. In dictum, the Eleventh Circuit held that a lack of jurisdiction over a defendant is "akin to a finding of fraudulent joinder of that defendant in that it involves a determination by the court that the resident defendant was never properly before the court." *Isingna v. LaBella*, 845 F.2d 249, 254 (11th Cir. 1988). But the Eighth Circuit disagreed with *Isingna* and held that a state court's determination that it does not have jurisdiction does not require a finding of fraudulent joinder because the fraudulent joinder question is "ultimately one of federal law." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 978 (8th Cir. 2011) (citing *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)). Instead, the Eighth Circuit held that fraudulent joinder exists when the plaintiff has "no reasonable basis in fact and law" for its claims against the diversity-destroying defendant. *Id.* at 977.

The Oklahoma state court ruled that it did not have general personal jurisdiction over Pacific Clay because, although Pacific Clay's general counsel represented to Mr. Carpenter that it was based in Oklahoma in an email that was later repudiated, the only other evidence of Pacific Clay's systematic and continuous business contacts with Oklahoma was "an obscure phrase in [a] book." Dkt. 2-76 at 6. Further, the court ruled that Oklahoma does not have specific personal jurisdiction over Pacific Clay because there was no evidence that the shipment of goods was part of a "concerted effort[] to serve the Oklahoma market" and found that the exercise of personal jurisdiction would not be reasonable. *Id.* at 10.

Based on the Oklahoma state court's ruling, an application of *Isingna* would hold that Pacific Clay was fraudulently joined. But even separately considering the facts according to the holding in *Knudson*, the Court finds that the Oklahoma state court (or indeed, the Northern District of Oklahoma) would lack personal jurisdiction over a defendant who had no obvious business in Oklahoma and whose connection to the tortious conduct was simply being the owner of goods inside a truck. Under either standard, Mr. Carpenter's joinder of Pacific Clay to this matter was fraudulent, and so the voluntary-involuntary rule does not bar removal.

II

Mr. Carpenter also argues that the Defendants consented to state court jurisdiction when they engaged in discovery and multiple rounds of motions in state court.[2] He cites the Tenth Circuit's opinion in *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089 (10th Cir. 2017). The Tenth Circuit held that "when a defendant files a motion to dismiss seeking disposition . . . on the merits in state court before removing the case to federal court, it manifests a 'clear and unequivocal' intent to submit the case to the state court's jurisdiction, and thus waives removal." *Id.* at 1099. But a defendant does not waive removal when "a state's procedural rules compel a defendant's state-court participation." *Id.*

The Northern District of Oklahoma has previously applied the Tenth Circuit's holding in *Soto* to Oklahoma law. *Kolb v. Mayes Emergency Servs. Tr. Auth.*, No. 21-cv-209-JFH-CDL, 2022 WL 3654743, at *2-4 (N.D. Okla. Aug.

---

[2] In response to Mr. Carpenter's arguments, MDS and King of Freight argue that Mr. Carpenter's original decision to file this case in federal court means that he has consented to federal jurisdiction in this case. Dkt. 34 at 3-6. Once a case is dismissed without prejudice, "any refiled action is considered a separate new action rather than a continuation of the previous lawsuit." *Thrasher v. Windsor Quality Food Co.*, No. 13-cv-780-GKF-PJC, 2014 WL 1572411, at *2 (N.D. Okla. Apr. 18, 2014). Mr. Carpenter's decision to file his prior action in federal court does not mean that he consented to have *this* action be heard in federal court, even though the two actions are based on the same event.

4

24, 2022). Chief Judge Heil held that filing of a motion to dismiss does not waive removal on its own as it is required by Oklahoma procedure within twenty days of service, which is less than the thirty-day window for removal and could therefore lead a removing defendant to "lose its opportunity to file a motion to dismiss because it failed to comply with state procedure." *Id.* at *2 (quotation marks removed). Judge Heil held that any other substantive participation in a case, such as requesting a hearing on a compelled motion, does waive removal so long as it is not required. *Id.*

Both *Soto* and *Kolb* involved situations where the rationale for removal was clear to the parties at the time of their original filings. And in this case, the removing Defendant MDS did not file a motion to dismiss—but it did file two answers and a motion for summary judgment. Dkt. 2-77. But these actions were all before Pacific Clay was dismissed. *Id.* Once Pacific Clay was dismissed, MDS promptly filed a notice of removal. Dkt. 2.

Defendants argue that the fraudulent joinder of Pacific Clay meant the action was not removable at the time of MDS's motion for summary judgment, and so their participation could not waive removal, since a party may not waive a right it does not have. Dkt. 24 at 6. But if a party alleges that joinder of a non-diverse party is fraudulent, it may remove a case even if that party has not been dismissed by the state court. *Bio-Tec Env't, LLC v. Adams*, 792 F. Supp. 2d 1208, 1214 (D.N.M. 2011) (holding that "[a] district court may disregard a nondiverse party named in the state court complaint and retain jurisdiction if joinder of the nondiverse party is a sham or fraudulent").

"The right to remove on grounds of fraudulent joinder arises when it becomes apparent that the party was fraudulently joined, and a case should ordinarily be removed by defendant on the ground of fraudulent joinder within 30 days of receiving service of the plaintiff's state court pleading." *Barrett v. Liberty Ins. Corp.*, No. 19-cv-0129-CVE-FHM, 2019 WL 2152515, at *3 (N.D. Okla. May 17, 2019). Once a party has "all of the information

necessary to raise the issue of fraudulent joinder in its notice of removal" it need not "wait for a state court ruling on [the fraudulently joined party's] motion to dismiss." *Id.* And "the removing party must file a notice of removal within thirty days of receiving *the pleading or another document* from which the party can *first* ascertain that the case is removable." *U.S. Bank Nat'l Ass'n v. Nichols*, No. 19-cv-40-TCK-JFJ, 2019 WL 1495277, at *1 (N.D. Okla. Apr. 4, 2019) (emphasis added). So the critical question for analysis of removability when a non-diverse party is still in the case is the pleading when it first becomes ascertainable that a party was fraudulently joined—at that point, the removing party's thirty-day countdown begins. *Id.*

In this case, there are multiple pleadings that could have given MDS "all of the information necessary to raise the issue of fraudulent joinder in its notice of removal," namely Mr. Carpenter's state-court petition and each of the stages of briefing on the motion to dismiss. *Barrett*, 2019 WL 2152515, at *3. *Barrett* indicates that the notice of removal for fraudulent joinder should generally be filed within 30 days of the state-court petition itself. *Id.* (citing *Goldenberg v. Macys W. Stores, Inc.*, No. CV 18-4845-GW(KSX), 2018 WL 4471097, at *3 (C.D. Cal. Sept. 17, 2018)). In his petition, Mr. Carpenter alleged that "Defendant Pacific Clay Products, Inc. is a Delaware corporation with the [sic] principal place of business in the State of California." Dkt. 2-1 at 2. Although he alleged two causes of action against Pacific Clay, he made no statement in his complaint indicating that Pacific Clay was subject to general or specific personal jurisdiction in Oklahoma. But these statements are insufficient to put the remaining parties on notice that Pacific Clay was fraudulently joined, and so the thirty-day clock for removal could not start at the filing of Mr. Carpenter's petition.

Shortly after Mr. Carpenter filed his petition, Pacific Clay moved to dismiss both for lack of personal jurisdiction and for failure to state a claim. Dkt. 2-18. Briefing on the motion concluded when Pacific Clay filed its supplemental reply brief on April 22, 2025. Dkt. 2-77. At the very least, once

No. 25-cv-433

Pacific Clay filed its reply, MDS had constructive notice of the set of arguments for and against the court's jurisdiction over Pacific Clay.[3] At that point, MDS had "all of the information necessary to raise the issue of fraudulent joinder in its notice of removal" and could have filed to remove the case despite Pacific Clay's status as co-defendant. *Barrett*, 2019 WL 2152515, at *3. As the basis for removable was "ascertain[able]" at this point, the latest possible date for MDS to remove was thirty days after the filing of the supplemental reply, or May 22, 2025. *U.S. Bank*, 2019 WL 1495277, at *1.

Instead of noticing removal, MDS filed for summary judgment on July 31, 2025—over three months after all briefing of Pacific Clay's motion to dismiss was completed. Dkt. 2-77. MDS waited until after the state court dismissed Pacific Clay on August 19, 2025, to notice removal. Dkt. 2. So MDS waited more than thirty days after the latest date the rationale for removal was ascertainable. That delay alone is grounds for remand under 28 U.S.C. § 1446.

But even if MDS had not delayed months until its next motion, MDS's actions after the filing show that it consented to the state court's jurisdiction. MDS filed a motion for partial summary judgment [Dkt. 2-69] which seeks "disposition, in whole or in part, on the merits" and is thus a substantive participation in the case. *Soto*, 864 F.3d at 1099. Oklahoma law sets two deadlines for motions for summary judgment: twenty days before trial or an earlier deadline as set in the trial court's scheduling order. Okla. Dist. Ct. R. 13. So any argument that MDS's summary judgment motion was compelled would have to assert that, per *Kolb*, the window to file a motion for summary judgment would close before the window to remove the case. 2022 WL 3654743, at *4. But there was no scheduling order in the state case, and the court had set no trial date. Dkt. 2-77. Without a basis in Oklahoma law for compulsion,

---

[3] The Court makes no judgment on precisely when MDS had constructive knowledge, as it suffices that it had constructive knowledge once the supplemental reply was filed.

7

MDS's motion is like the motion for hearing at issue in *Kolb*; MDS would not give up any arguments or rights by delaying the motion, and so its choice to file the motion when it could have otherwise noticed removal for Pacific Clay's fraudulent joinder represents consent to the state court's adjudication of this matter. 2022 WL 3654743, at *3.

MDS substantively participated in the case after it was clear that this case was removable for Mr. Carpenter's fraudulent joinder of Pacific Clay. MDS's actions show that it "manifest[ed] a 'clear and unequivocal' intent to submit the case to the state court's jurisdiction." *Soto*, 864 F.3d at 1099. The Court concludes that MDS has waived removal.

### III

For the reasons given above, Mr. Carpenter's motion to remand [Dkt. 32] is granted. The Clerk of Court is directed to remand this case to the District Court of Creek County, Oklahoma. All pending motions are dismissed as moot.

DATED this 6th day of February 2026.

_____
JOHN D. RUSSELL
*United States District Judge*